IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-01316-PAB

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

    Plaintiff,

v.

JACKIE BRAND,
NATALIE BRAND,
NIA BRAND TRAXLER, and
TIMOTHY BRAND,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

    The Court takes up this matter *sua sponte* on the Interpleader Complaint [Docket No. 1] filed by the Prudential Insurance Company of America ("Prudential"). Prudential states that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1335. Docket No. 1 at 2, ¶¶ 6-7.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC,* 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995),

*abrogated on other grounds by Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Prudential invokes 28 U.S.C. § 1331 and 28 U.S.C. § 1335 as independent bases for the Court's jurisdiction. Docket No. 1 at 2, ¶¶ 6-7.

Under 28 U.S.C. § 1331, the Court has subject matter jurisdiction over cases "arising under" federal law. 28 U.S.C. § 1331. A case arises under federal law if two conditions are met. "First, a question of federal law must appear on the face of plaintiff's well-pleaded complaint. Second, plaintiff's cause of action must either be (1) created by federal law, or (2) if it is a state-created cause of action, its resolution must necessarily turn on a substantial question of federal law." *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (citations omitted). Prudential states that

the Court has original jurisdiction over this dispute "as the underlying claims at issue involve rights and liabilities governed by federal law, specifically, the Servicemembers' Group Life Insurance Statute, 38 U.S.C. § 1965, et seq." Docket No. 1 at 2, ¶ 6. However, the mere fact that this case involves a federal statute does not confer federal question jurisdiction. *White v. Lancaster*, 2015 WL 7176106, at *1 (W.D. Okla. Nov. 13, 2015) ("This Court, therefore, finds it does not have jurisdiction over plaintiff's claims simply because they involve FSGLI benefits."); *Bakkeby v. Prudential Ins. Co. of Am.*, 2013 WL 4807163, at *3 (N.D. Okla. Sept. 9, 2013) (finding that federal question jurisdiction did not exist in military group life insurance dispute where "the complaint makes no allegations that the government has breached any obligations under 38 U.S.C. § 1965, *et seq.*"). The complaint in this case presents a dispute over the interpretation of a beneficiary designation form, which does not appear to require the interpretation of the underlying federal statute. *See* Docket No. 1 at 3-4, ¶¶ 12-21. Because this dispute does not require the resolution of a federal question, the Court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

The Court now considers an alternative basis for subject matter jurisdiction. Under 28 U.S.C. § 1335, the Court has subject matter jurisdiction when "1) the plaintiff has possession of $500 or more of property; 2) two or more adverse claimants of diverse citizenship claim rights to the property; and 3) the plaintiff has deposited the disputed money or property, or a bond equivalent to the value of the disputed property, into the Court registry." *Schneider v. Cate*, 405 F. Supp. 2d 1254, 1265 (D. Colo. 2005); *see also* 28 U.S.C. § 1335. The diversity requirement is met "if at least two of

the adverse claimants are citizens of different states, without regard to the citizenship of other claimants or the stakeholder." *N.Y. Life Ins. Co. v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 n.5 (2d Cir. 1983) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 530-31 (1967)). Plaintiff has possession of a death benefit in the amount of $50,000.00, Docket No. 1 at 3, ¶ 11, and has stated its willingness to deposit the death benefit as designated by the Court. *Id.* at 5, ¶ 24. Thus, two of the three factors are met. The facts as presently averred, however, do not provide sufficient information regarding the diversity of the adverse claimants.

The adverse claimants in this action are defendants Jackie Brand, Natalie Brand, Nia Brand Traxler, and Timothy Brand. *Id.* at 4, ¶¶ 17-20. The complaint states that, "[u]pon information and belief," Jackie Brand is a resident of Wyoming, Natalie Brand is a resident of Texas, Nia Brand Traxler is a resident of Arizona, and Timothy Brand is a resident of Colorado. *Id.* at 1-2, ¶¶ 2-5. These jurisdictional allegations are defective in two regards. First, jurisdictional allegations made on "information and belief" do not satisfy plaintiff's burden of establishing subject matter jurisdiction. *Villanuevo v. Lowe's Home Centers, LLC*, No. 16-cv-02613-PAB-KLM, 2016 WL 7320393, at *2 (D. Colo. Dec. 16, 2016) (citing *Fifth Third Bank v. Flatrock 3, LLC*, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010)); *Pinkard Constr. Co.*, 2009 WL 2338116, at *3. Second, the complaint alleges the residences for each adverse claimant, but domicile, not residency, is determinative of citizenship. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983). Accordingly, the Court is unable to determine whether it has subject matter jurisdiction over the interpleader complaint.

4

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on June 12, 2017**, plaintiff Prudential Insurance Company of America shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED June 2, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge